[Civ. No. 544.   Second Appellate District.—October 14, 1908.]

E. E. KEECH, Respondent, v. J. C. JOPLIN, County Treasurer of Orange County, Appellant.

APPEAL—MANDAMUS INVOLVING VALIDITY OF TAX—EXCLUSIVE JURISDICTION OF SUPREME COURT—TRANSFER OF CAUSE.—The supreme court has exclusive jurisdiction of all appeals involving the validity of a tax; and the limitations upon the jurisdiction of this court are not affected by the fact that the question of the validity of the tax is raised in a *mandamus* proceeding instead of an ordinary action; and an appeal in such proceeding involving the validity of the organization of a protection district and of the tax by which the fund drawn upon was raised must be transferred to the supreme court.

APPEAL from a judgment of the Superior Court of Orange County.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

Hutton & Williams, B. T. Williams, and H. C. Head, for Appellant.

E. E. Keech, Respondent, *in pro. per.*

THE COURT.—This is an appeal from a judgment directing the issuance of a writ of mandate to compel defendant, as treasurer of Orange county, to pay a warrant for $500, drawn on the general fund of the Newbert protection district.   An

examination of the record discloses that the question of the validity of the organization of that district and of the tax by which the fund drawn upon was raised are involved in a determination of said appeal. This court has no appellate jurisdiction in such cases (section 4, article VI, of the constitution), and we do not think the limitations of our jurisdiction are affected by the fact that the question of the validity of the tax is raised in a *mandamus* proceeding instead of in an ordinary action.

The supreme court being the proper court to hear said appeal, it is ordered that the cause be, and the same is hereby, transferred to that court.